MONATE J. CASS, ET AL. *v.* SMITH, BLAIR & CO.

[Abstract Kentucky Law Reporter, Vol. 4—990.]

**Dower and Homestead.**

Where a company conveys a lot and furnishes the materials with which the grantee erects a house thereon, and gives the grantor a note for the purchase-money and the price of materials, and in the note it is recited that it is given for the land, after the death of the grantee, who with his wife and children have occupied the house, the widow can have neither dower nor homestead in said

real estate as against the claim of the grantor, as the grantor has an enforcible lien on said property.

### Rents Due Widow.

Where the grantor has a lien against real estate of the husband, after the death of the husband the widow is entitled to the occupancy of the house until the assignment of dower or until its sale; and the lien of the grantor does not extend to the rents and the widow is entitled to them.

### APPEAL FROM MARION CIRCUIT COURT.

May 8, 1883.

OPINION BY JUDGE HINES:

Appellees sold to Cass an unimproved lot of ground in consideration of $100, and agreed with Cass to furnish the material for building a house upon the lot upon the condition and with the understanding that appellees were to have a lien upon the property for the purchase-money and for the material so to be furnished. The material was furnished and a note executed by Cass to appellees for $805, the amount of the purchase-money, and material furnished, and in the face of the note it is recited that it is given for land. Cass died, leaving a wife and children occupying the premises, and this suit was brought to subject the property to the payment of the debt. The widow resists, claiming homestead and dower. The court below placed the property in the hands of a receiver, rented it out, and finally adjudged that the land be sold to pay the debts and that the rents be paid to appellees.

It is insisted for appellants that the court ought to have adjudged dower and homestead, and that in any event she was entitle to the rents.

The widow is not entitled to either dower or homestead. The agreement contemporaneous with the acquisition of title by the husband to give a lien upon the property when improved to secure the repayment of moneys to be advanced for the improvement, when consummated by writing, gave an enforcible lien on the property as against the husband, and as the wife takes that only which the husband could have successfully claimed, she has no homestead or dower until the claim of appellee is satisfied. It does not matter that the sum claimed is stated in the note to be purchase-money. It is in

fact an equitable claim against the property to which the rights of the widow are subordinate, and this upon equitable principles consistent in every way with the homestead statute.

The court, however, erred in giving the rents of the property to appellees, as the widow was endowable of the estate, subject to appellees' claim, and therefore entitled to the occupancy of the mansion house until the assignment of dower or the sale of the same; besides appellees' lien did not extend to the rents. Even in the case of a mortgage the lien does not extend to the rents unless so stipulated. The widow is entitled to the rents, and as she was entitled to the occupancy the court should not have appointed a receiver. Therefore the costs of this proceeding should be paid by appellees. To this extent the judgment is *reversed*.

*Hill & Rives, for appellants.*
*Russell & Avritt, for appellees.*